UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

June 21, 2005

Mark W. Wasserman, Esquire
Matthew R. Sheldon, Esquire
Richard D. Holzheimer, Jr., Esquire
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042

John J. Cotter, Esquire
Kirkpatrick & Lockhart Nicholson
Graham LLP
75 State Street
Boston, Massachusetts 02109

Michael J. Strauss, Esquire
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, NW
Washington, DC 20004-2623

J. David Mayberry, Esquire
Christopher A. Ott, Esquire
Kilpatrick Stockton LLP
607 14th Street, NW - Suite 900
Washington, DC 20005

Hayden J. Silver, III, Esquire
Kilpatrick Stockton LLP
3737 Glenwood Avenue - Suite 400
Raleigh, North Carolina 27612

Subject: *Dr. Marc L. Kozam d/b/a MLK Software, et al. v. Phase Forward Inc., et al.*
Civil Action No. MJG-04-1787

Dear Counsel:

Pending and ready for disposition are three discovery motions, two filed by the plaintiffs (Papers Nos. 126 and 130) and one filed by the defendants (Paper No. 100). The motions have been fully briefed, and no hearing is necessary. Local Rule 105.6.

Plaintiffs' first motion (Paper No. 126) is styled as a Motion to Compel Production of E-Mails and Other Electronic Discovery. It is resisted by the defendants, first, on the ground that it is untimely, *i.e.*, that it was filed some months after the close of discovery. However, I have been advised by Judge Garbis that discovery has been reopened in this action and, therefore, any objections to the motion based upon untimeliness are overruled.

The defendants have made no other credible showing as to why most of the discovery sought ought not be provided. No privilege is asserted, and although it baldly is claimed that the discovery sought is overbroad and unduly burdensome, there is no satisfactory articulation by the defendants as to why the discovery sought exceeds reasonable scope. The bulk of the discovery sought is not overbroad or unduly

burdensome on its face, with the exception of Document Requests No. 18, 19, 32 and 33, all of which are overbroad on their face. Accordingly, that objection on the ground of overbreadth is granted in part and overruled in part.

What remains is defendants' refusal to provide the discovery until an issue of shifting the cost of production is decided. To the extent that it is part of the response to the motion to compel discovery, however, that objection is overruled, and the issue will be addressed below. Accordingly, the motion to compel discovery (Paper No. 126) is hereby GRANTED IN PART AND DENIED IN PART, and the defendants are directed to provide the requested discovery immediately as to all requests except those designated in the paragraph above.

The motion filed by the defendants (Paper No. 100) is styled as a Contingent Cross Motion to Require Plaintiffs to Pay for Costs of Paper Copies and to Share in the Cost of Production of E-Mails and Other Electronic Discovery. The contingency referenced in the title of the motion is the possibility that the Court would allow the discovery sought in the motion ruled upon above. Since that contingency has arisen, the Court will consider the merits of the defense motion.

It is undisputed that there is a presumption that the party responding to discovery requests must bear the cost of production. *See, Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 358 (1978). The parties also appear to recognize the efficacy of the test set forth in *Zebulake v. UBS Warburg LLC,* 217 F.R.D. 309, 322 (S.D.N.Y. 2003), for determining whether costs attendant to the discovery of electronic data should be shifted. The Court adopts that paradigm here. If the *Zebulake* cost-shifting analysis is neutral, the presumption survives and close calls are to be resolved in favor of the presumption. *Id.,* at 320. The first factor to be considered is whether the requests are tailored to discover relevant information. Now that the Court has winnowed the requests, the discovery sought is sufficiently discrete to weigh in favor of the presumption. Likewise, the second factor regarding availability of information from other sources clearly weighs in favor of the presumption. These two factors, comprising the marginal utility test, are weighted most heavily in the analysis. *Id.,* at 323. The cost factors, comprised of the next three in the *Zebulake* formula, are the next most heavily weighted, in number order. *Id.* The first of these, total cost of production compared to the amount in controversy, appears to weigh in favor of the presumption. Defendants assert that $61,000 has been spent in electronic production so far, but that includes costs beyond restoration and only restoration costs are subject to cost-shifting, according to another ruling in the controlling case. *Zebulake v. USB Warburg LLC,* 216 F.R.D. 280, 290 (S.D.N.Y. 2003). In any case, the numbers projected by the defendant are not large in comparison to the amount prospectively at issue in the case. The second cost factor, the total cost of production compared to the resources available to each party, clearly weighs in favor of the presumption. The plaintiffs are individuals, and the defendants are publicly held entities. The defendants' assertions that plaintiffs are "successful doctors," while making no proffer as to the worth of the companies, are singularly unconvincing. An admonition in *Zebulake* is worth repeating: "Courts must remember that cost-shifting may effectively end discovery, especially when private parties are engaged in litigation with large corporations." 217 F.R.D. at 317. The third cost factor,

the relative ability of each party to control costs and its incentive to do so, also weighs in favor of the presumption. The last two factors, the importance of the issues at stake and the relative benefits to the parties of obtaining the information, weigh in favor of and against the presumption, respectively. In sum, it is the judgment of the Court that consideration of the relevant factors weighs heavily in favor of the presumption that the responding party bear the cost of production of discovery, and the motion to shift those costs (Paper No. 100) is hereby DENIED.

The second motion from the plaintiffs is styled as a Motion to Compel Complete Basis for Defendants' "Advice of Counsel" Defense. (Paper No. 130). The plaintiffs point out that a defendant who wilfully infringes a patent may be subject to treble damages pursuant to 35 U.S.C. 284. A claim of willful infringement may be defended through the assertion by the purported infringer that it was acting on advice of counsel, but that assertion generates a waiver of attorney-client privilege and work product immunity. At issue in this case is the extent of that waiver, an issue not fully resolved by either of the U. S. Courts of Appeals for the Fourth or Federal Circuits. Specifically in dispute in this case are three classes of discovery to which the plaintiffs assert entitlement:

a) Work product generated by but not communicated to the defendant by opinion counsel, *i.e.*, counsel retained by defendant Phase Forward[1] to provide an opinion on the validity or infringement of the patent at issue;

b) Communications and work product regarding validity or infringement from defendants' litigation counsel;

c) Communications and work product regarding validity or infringement from in-house counsel.

The authorities referenced by the parties in support of their respective positions are both illuminating in their erudition and confounding in their diversity. There being no binding precedent to prescribe the course of action, the following principles guide the Court:

a) The touchstone of the advice of counsel defense is the state of mind of the purported infringer, and materials or advice not communicated to the purported infringer do not shape that state of mind. The Court is mindful of the fear of disingenuous legal practice that has driven some contrary decisions but declines to accept that dim view. Accordingly, the motion to compel is denied as to work product generated but not communicated to the defendant by opinion counsel. The Court hastens to state,

[1]Defendant Quintiles asserts that it has not interposed an advice of counsel defense. In the event that it seeks to interpose such defense at some point in the case, the holding herein would apply to Quintiles.

however, that communications of any kind, be they written or oral, from opinion counsel to the defendant in regard to the validity or infringement of the patent at issue are discoverable and must be produced.

b) There is an extremely strong and important policy interest served by shielding from discovery the advice from and work product of litigation counsel. This Court believes that overarching interest will best be served by following that line of authority favoring a cutoff of the discovery into the issue of validity or infringement as of the date litigation was filed.[2] Accordingly, the motion to compel is denied as to communications and work product from litigation counsel past the date litigation was filed.

c) There is no reason to limit the discovery of communications from or the work product of in-house counsel. The issue goes unaddressed by defense counsel, perhaps because there is no defense to the discovery. Accordingly, the motion to compel is granted as to discovery from in-house counsel.

In sum, the motion to compel discovery in regard to the advice of counsel defense is GRANTED IN PART AND DENIED IN PART.

**Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order.**

Very truly yours,

James K. Bredar
United States Magistrate Judge

JKB/cw
cc: The Hon. Marvin J. Garbis
Court file
Chambers file

---

[2] The discoverability of advice and work product of opinion counsel past the filing of litigation is not addressed here as the papers suggest that all such material and information, if any, already has been produced.